John J. Nelson (SBN 317598)
**MILBERG, PLLC**
280 S. Beverly Drive-Penthouse Suite
Beverly Hills, CA 90212
Telephone: (858) 209-6941
Email: jnelson@milberg.com

*Attorney for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MIXPANEL, INC.,<br><br>Defendant. | Case No. 3:25-cv-10772<br><br>**PLAINTIFF JOHN DOE'S ADMINISTRATIVE MOTION TO PROCEED UNDER PSEUDONYM** |

Pursuant to Local Rule 7-11, Plaintiff John Doe respectfully moves this Court for an order allowing him to proceed under a pseudonym in this matter to protect his identity from public disclosure.

## INTRODUCTION

Plaintiff's sensitive private information was exposed in a data breach that Defendant Mixpanel, Inc. ("Defendant")[1] in November 2025 ("Data Breach"). Plaintiff brings this suit on behalf of himself and on behalf of other similarly situated individuals to address Defendant's inadequate safeguarding of Plaintiff's and Class Members' sensitive personal information that it collected and maintained, for failing to provide timely and adequate notice to Plaintiff and other Class Members that their sensitive personal information had been subject to the unauthorized

---

[1] Pursuant to Local Rule 7-11, the Parties were unable to stipulate to the relief requested herein because Defendant has not yet appeared in this matter. *See* Declaration of John J. Nelson in Support of Plaintiff John Doe's Motion to Proceed Under Pseudonym at ¶3.

access of an unknown third party, and failing to include in that belated and inadequate notice precisely what specific types of information were accessed and taken by cybercriminals.

Plaintiff is a man who is a customer of one of Defendant's clients, Aylo Holdings S.A.R.L. d/b/a Pornhub. As a result of the Data Breach, Plaintiff's sensitive private information has been stolen in the Data Breach.

Plaintiff now fears that his name being associated with a public filing will subject him to online and in-person abuse and harassment.

Therefore, an order allowing Plaintiff to proceed under the pseudonym John Doe is warranted given the potential risks to him in proceeding publicly. Furthermore, permitting Plaintiff to proceed under pseudonym will not prejudice Defendant. Plaintiff is willing to disclose his identity to Defendant's counsel who appears, as needed, to resolve the issues in this case.[2] However, public disclosure of Plaintiff's identity is neither necessary nor warranted and could lead to him being subjected to harassment and harm.

## ARGUMENT

### I.    PLAINTIFF SHOULD BE PERMITTED TO PROCEED UNDER PSEUDONYM

Although Rule 10(a) of the Federal Rules of Civil Procedure generally requires complaints to include the name of all parties, it is well-established that federal courts have discretion to permit parties to proceed under pseudonyms "when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (collecting cases). The law is well-settled that parties to litigation may proceed using a pseudonym with leave of the court. *See, e.g., Santa Fe Indep. Sch. Dist. v. Doe*, 530 U.S. 290, 294 n.1 (2000) (noting that the district court had permitted the plaintiffs "to litigate anonymously to protect them from intimidation or harassment"). As this Court has explained, "[i]n this circuit, parties may use pseudonyms in unusual cases when nondisclosure of the party's identity is necessary 'to protect a person from harassment, injury, ridicule or personal embarrassment.'" *K.H.B. ex. rel K.D.B. v.*

---

[2] Plaintiff intends to seek a protective order before disclosing identifying information to counsel for Defendant.

*UnitedHealthcare Ins. Co.*, No. C18-04175 WHA, 2018 WL 4053457, at *1 (N.D. Cal. Aug. 24, 2018) (quoting Advanced Textile, 214 F.3d at 1067–68*); see also Balance Studio, Inc. v. Cybernet Entm't, LLC*, 204 F. Supp. 3d 1098, 1100–01 (N.D. Cal. 2016) (observing that a party can proceed anonymously where "anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature"). Courts in the Ninth Circuit analyze a request to proceed under a pseudonym or anonymously by asking whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile*, 214 F.3d at 1-68. Consistent with *Advanced Textile* and other Ninth Circuit precedent, courts in this district regularly permit parties to proceed pseudonymously or even anonymously when sensitive issues are relevant to the litigation.[3]

Plaintiff should be permitted to proceed under a pseudonym. As explained herein and in the accompanying complaint, Plaintiff is a victim of the Data Breach whose sensitive personal information has been exposed publicly and now faces an increased risk of harassment and harm. Plaintiff seeks to proceed under pseudonym because she fears being targeted as a result of the Data Breach and his name being associated with a public filing.

Thus, given the risk of harm to Plaintiff if his identity is revealed to the public, Plaintiff should be permitted to proceed under a pseudonym because the "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile*, 214 F.3d at 1-68. Publicly disclosing Plaintiff's identity during this case could lead her to be subjected to targeted abuse. Thus, nondisclosure of Plaintiff's identity is necessary to protect him from "'harassment, injury, ridicule or personal embarrassment.'" *K.H.B. ex. rel K.D.B.*, No. C18-04175 WHA, 2018 WL 4053457, at *1 (quoting *Advanced Textile*, 214 F.3d at 1067–68).

---

[3] *See, e.g., Doe v. Mt. Diablo Unified Sch. Dist.*, No. 18-CV-02589-JSC, 2018 WL 2317804, at *2 (N.D. Cal. May 22, 2018); *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011).

Additionally, Defendant will not suffer prejudice if the Court allows Plaintiff to proceed under a pseudonym. While Plaintiff intends to seek a protective order before disclosing identifying information to counsel for Defendant, once such protection is in place, Plaintiff is willing to disclose his identity to Defense counsel who appears in this case (and this Court), as needed. Plaintiff asks only to keep their identity private from the public for his safety.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion and permit them to proceed under pseudonym.

Dated: December 19, 2025                    Respectfully submitted,

*/s/ John J. Nelson*
John J. Nelson (SBN 317598)
**MILBERG, PLLC**
280 S. Beverly Drive-Penthouse Suite
Beverly Hills, CA 90212
Telephone: (858) 209-6941
Email: jnelson@milberg.com

Jeff Ostrow (*pro hac vice forthcoming*)
**KOPELOWITZ OSTROW P.A.** One West Las Olas Blvd, Suite 500 Fort Lauderdale, FL 33301 Tel: (954) 525-4100 Fax: (954) 525-4300
ostrow@kolawyers.com

Leanna A. Loginov (*pro hac vice* forthcoming)
**SHAMIS & GENTILE, P.A.**
14 NE First Avenue, Suite 705
Miami, FL 33132
Telephone : 305-479-2299
lloginov@shamisgentile.com

*Attorneys for Plaintiff and the Putative Class*